IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ELBERT THOMAS,

    Plaintiff,

vs.

HUGH SMITH, Warden, and
Dr. BURT,

    Defendants.

CIVIL ACTION NO.: CV606-046

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

AO 72A
(Rev. 8/82)

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b).  As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii).  Mitchell, 112 F.3d at 1490.  The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief.  Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490.  While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff names as a Defendant Hugh Smith, the Warden at Georgia State Prison.  A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Plaintiff's Complaint fails to make sufficient connection between his allegations and Defendant Smith.  Even construing his complaint liberally, Plaintiff's claims against Defendant Smith should be dismissed for failure to state a claim upon which relief may be granted.  See FED. R. CIV. P. 8(a)(2).

2

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Plaintiff's claims against Defendant Smith be **DISMISSED**.

Plaintiff's cognizable claim is addressed in an Order of even date.

**SO REPORTED** and **RECOMMENDED**, this 27th day of July, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE